782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
EDWARD GEORGE HENDERSON, Defendant-Appellant.
 84-1338
 United States Court of Appeals, Sixth Circuit.
 12/16/85
 
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Edward George Henderson was indicted in the Eastern District of Michigan on October 4, 1983, for possession with intent to distribute cocaine, felon transportation of firearm in commerce, and felon in possession of firearm. On February 13, 1984, defendant pleaded guilty conditionally to the offense of felon transportation of firearm under Fed.R.Crim.P. 11(a)(2). The court sentenced defendant to thirty (30) months under the provisions of 18 U.S.C. Sec. 4205(b)(2). Defendant was subsequently released on bond pending appeal.
 
 
 2
 This case arose following the issuance of a search warrant by a United States magistrate on September 1, 1982. The search warrant was executed on September 2, 1982, and an assortment of firearms, ammunition controlled substances, and narcotics paraphernalia was seized. Also seized pursuant to the search warrant, which specified as part of the premises the unattached garage, was a 1982 Harley Davidson motorcycle which concealed cocaine in a King Tour Pack attached to the motorcycle.
 
 
 3
 Defendant on January 12, 1984 moved to suppress the items seized at the Toepfer residence charging that the search warrant was issued without probable cause. On February 9, 1984, the district court denied the motion to suppress in an oral bench ruling. The district court relied upon Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), in finding that the affidavit articulated sufficient facts to support probable cause for issuance of the search warrant. Defendant appealed to this court.
 
 
 4
 This court recognizes that after-the-fact scrutiny of the affidavit should not take the form of de novo review and that a magistrate's determination of probable cause is to be accorded great deference. See Gates, 103 S.Ct. at 2331. Rather, this court reviews the issuing magistrate's decision to ensure that there was a substantial basis, considering the totality of the circumstances, for concluding that probable cause existed for the issuance of a search warrant. Id. at 2332. Where alternative readings of an affidavit or a complaint are equally susceptible, the court will not disturb the magistrate's choice of one reading over the other. United States v. Calandrella, 605 F.2d 236, 243 (6th Cir.), cert. denied, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).
 
 
 5
 Applying the Gates test to the facts at bar, it is evident that the affidavit recited facts sufficient to establish probable cause to search defendant's residence. The warrant authorized a search at defendant's Toepfer residence for unknown quantities of cocaine, means and instrumentalities used for the possession, dilution, and distribution of the controlled substances, and firearms, kept to protect the narcotics. The supporting affidavit of FBI Agent Siegar stated that affiant was advised by a named agent that on August 31, 1982, FBI agents had Nelson Schindler under surveillance. The agents observed a white male enter Schindler's automobile subsequent to which he drove behind a motel. After a brief meeting, the white male departed on a 1981 Harley Davidson motorcycle, Michigan license LP984. License plate number LP984 was registered to Edward George Henderson, 8269 Toepfer, Warren, Michigan for a 1981 Harley Davidson motorcycle. Later that same day, FBI agents arrested Schindler for possession with intent to distribute one kilogram of cocaine. A confidential informant (S-A) advised FBI agents that on August 31, 1982, Schindler told him/her that on August 31, 1982, Schindler sold Henderson a pound of cocaine. The affidavit detailed the reliability of the confidential informant (S-A) and related that the informant had furnished information to the police on twelve occasions during the previous three months, which had been corroborated and had resulted in an arrest and seizure of cocaine. Another confidential informant (S-1) advised the affiant that he/she had personally observed cocaine at Henderson's house, 8269 Toepfer, Warren, Michigan, on more than one occasion during the summer of 1982, the most recent instance being in August of 1982. S-1 also stated that he/she had seen Henderson retrieve cocaine from his garage. A second confidential informant (S-2) informed affiant that he/she had personally observed cocaine and firearms in Henderson's residence on one occasion during August of 1982. Both S-1 and S-2 indicated that they were familiar with cocaine and its identifying characteristics.
 
 
 6
 The common sense conclusions to be drawn from the totality of the circumstances related in the affidavit supported the existence of a fair probability that the described contraband, cocaine and firearms, were to be found on the specified premises. From the perspective of a reviewing court, moreover, it is clear, affording the magistrate's initial decision the appropriate defence, that the affidavit provided a substantial basis for his determination that probable cause existed for the issuance of a search warrant and that his judgment was not arbitrarily exercised.
 
 
 7
 Finally, assuming that this court concluded that probable cause for issuance of the search warrant was lacking, the case, nevertheless, is squarely within the 'good faith exception' to the exclusionary rule recently recognized by the Supreme Court in United States v. Leon, ---- U.S. ----, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In Leon, the Court held that the Fourth Amendment exclusionary rule should be modified so as not to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. Id. at 3409. In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. Id. at 3423. Defendant offered no evidence whatsoever of dishonesty and his contention that the officers' reliance on such 'scant information' was reckless is similarly without merit.
 
 
 8
 Accordingly, the judgment of the district court denying defendant's motion to suppress the evidence seized pursuant to the search warrant in question is AFFIRMED.